### CITIZENS' STATE BANK OF McLEAN v. FULLER et al. (No. 2495.)

(Court of Civil Appeals of Texas. Amarillo. May 13, 1925. Rehearing Denied June 3, 1925.)

Banks and banking ⬅148(1)—Bank delivering draft to one forging name of depositor to whom draft was ordered to be credited held guilty of gross negligence.

Where forger, on obtaining duplicate deposit slip from bank A, stating that there had been deposited with it a sum to credit of plaintiff, depositor in bank B, wired bank A, forging X.'s name to telegram, to send money to bank B, and bank A thereupon directed bank B to credit X. with amount of deposit, and thereafter forger exhibited the duplicate deposit slip to bank B, which turned over to him draft drawn by bank A, representing amount of deposit, *held*, that bank B was guilty of gross negligence in failing either to credit X.'s account with such draft or verifying forger's signature with that of X., and under Negotiable Instruments Act (Vernon's Ann. Civ. St. Supp. 1922, art. 6001—23) bank A was guilty of no conduct precluding it to set up forgery or bank B's want of authority to pay money to any one but X.

Appeal from Wichita County Court; Guy Rogers, Judge.

Case between O. C. Fuller and the City National Bank of Wichita Falls and the Citizens' State Bank of McLean, tried on agreed statement of fact. From judgment in favor of O. C. Fuller and the City National Bank of Wichita Falls against the Citizens' State Bank of McLean, the latter appeals. Judgment in favor of O. C. Fuller against the Citizens' State Bank of McLean affirmed, and that in favor of the City National Bank of Wichita Falls reversed, and judgment rendered in favor of the Citizens' State Bank of McLean, as against the City National Bank of Wichita Falls.

Carrigan, Montgomery, Britain, Morgan & King, of Wichita Falls, for appellant.

Bullington, Boone & Humphrey, of Wichita Falls, for appellees.

RANDOLPH, J. This case was tried in the county court at law of Wichita county, Tex., upon the following agreed statement of facts:

"It is agreed by O. C. Fuller through his attorneys Taylor & Taylor, the City National Bank of Wichita Falls, Tex., through its attorneys Bullington, Boone & Humphrey, and the Citizens' State Bank of McLean, Tex., through its attorneys Carrigan, Montgomery, Britain, Morgan & King, that the facts in this case are as follows:

"(1) That in December, 1923, there was deposited to the credit of O. C. Fuller of Holliday, Tex., in the Citizens' State Bank of McLean, Tex., the sum of $231.50, and a duplicate deposit slip for said amount was mailed to O. C. Fuller at Holliday, Tex., showing the amount so deposited.

"(2) One H. J. Fuller called for his mail at Holliday, Tex., and when the postmaster exhibited the letter addressed to O. C. Fuller, H. J. Fuller demanded the same, which contained the duplicate slip showing a deposit to the credit of O. C. Fuller in the Citizens' State Bank of McLean, Tex., and the letter was turned over by the postmaster at Holliday, Tex., to H. J. Fuller.

"(3) On December 29, 1923, the Citizens' State Bank of McLean, Tex., received a telegram dated at Wichita Falls, Tex., signed O. C. Fuller and reading as follows: 'Wire my balance less charges to the City National Bank here.' On Monday December 31, 1923, the Citizens' State Bank of McLean, Tex., received the following telegram: 'Wichita Falls, Texas, 12:31 P. M. December 31st, 1923, Citizens' State Bank, McLean, Texas. Wire my balance by Western Union to City National Bank here. O. C. Fuller.'

"(4) On December 31, 1923, the Citizens' State Bank of McLean, Tex., sent the following telegram to the City National Bank of Wichita Falls, Tex.: 'Credit O. C. Fuller two hundred thirty-one dollars and fifty cents. We remit. Citizens' State Bank.'

"(5) H. J. Fuller was an imposter and forged O. C. Fuller's name to the telegram above

mentioned sent to the Citizens' State Bank of McLean, Tex., and O. C. Fuller had no knowledge at the time that the $231.50 had been deposited to his credit in the Citizens' State Bank of McLean, Tex.; nor did O. C. Fuller know of or authorize H. J. Fuller sending the telegram above mentioned.

"(6) O. C. Fuller had a checking account with the City National Bank of Wichita Falls, Tex., and said bank had his signature.

"(7) A draft for $231.50 was sent by the Citizens' State Bank of McLean, Tex., to the City National Bank of Wichita Falls, Tex., payable to the City National Bank of Wichita Falls, Tex. When the draft arrived at the City National Bank of Wichita Falls, Tex., H. J. Fuller appeared, represented himself to be O. C. Fuller, and demanded the money represented by the draft. It was delivered to H. J. Fuller, and he presented the draft to a paying teller of the City National Bank of Wichita Falls, Tex., and received cash therefor to the face value of the draft.

"(8) That H. J. Fuller, before the telegram to the Citizens' State Bank of McLean, Tex., was sent, presented himself to the City National Bank and informed the assistant cashier that he had on deposit in the Citizens' State Bank of McLean $231.50, and exhibited his deposit slip therefor and represented that his name was O. C. Fuller and requested that the City National Bank wire the said Citizens' State Bank for said funds, which the said City National Bank refused to do and advised the said H. J. Fuller that if he desired the money to be remitted to him to send the telegram himself, and that said H. J. Fuller thereupon wired the said Citizens' State Bank of McLean in accordance with the telegram mentioned in paragraph 3 of this agreement and signed O. C. Fuller to said telegram, which telegram was received by the Citizens' State Bank, and it replied as shown by telegram set forth in paragraph 4 of this agreement. That the City National Bank made an investigation as to the identity of the party sending said telegram and satisfied itself that said party was O. C. Fuller and the party who sent the telegram and paid the money to H. J. Fuller, the party who sent the telegram to the Citizens' State Bank of McLean, upon such identification. That it took a receipt from said H. J. Fuller, who signed the same O. C. Fuller, and forthwith forwarded said receipt to the Citizens' State Bank of McLean, Tex., and the Citizens' State Bank of McLean, Tex., received said receipt in due course of mail. That O. C. Fuller had on deposit with the Citizens' State Bank $231.50 at the time of said transaction, which money had been deposited in said bank to his account by his brother-in-law, one ——— King; but before the time of said deposit said O. C. Fuller had no account with the Citizens' State Bank of McLean, Tex., and the said bank did not have the signature of O. C. Fuller. That the Citizens' State Bank made no investigation as to the identity of the sender of the telegram signed O. C. Fuller before replying thereto to the City National Bank. That the City National Bank of Wichita Falls, Tex., paid the draft to the party who sent the telegram and in response to whose message the Citizens' State Bank of McLean, Tex., wired the City National Bank as shown in paragraph 4 of this agreement, believing him to be O. C. Fuller.

274 S.W.—14

This agreement shall not preclude either party from offering any testimony in addition thereto that they may desire.

"(9) O. C. Fuller demands payment to him of the money wrongfully paid out to H. J. Fuller, and both the Citizens' State Bank of McLean, Tex., and the City National Bank of Wichita Falls, Tex., each of which refuse to pay same, and the Citizens' State Bank of McLean, Tex., ask that in the event judgment be rendered against it for the $231.50 above referred to that it have judgment against the City National Bank of Wichita Falls, Tex., for wrongfully paying the money out to H. J. Fuller, as above stated, instead of crediting O. C. Fuller's account with $231.50."

The McLean Bank, receiving this deposit in controversy from a debtor of O. C. Fuller, immediately mailed to O. C. Fuller at Holliday, Tex., a deposit slip showing such amount to his credit. H. J. Fuller having secured possession of the deposit slip in the manner detailed above, and the City·National Bank of Wichita Falls having paid out the money to H. J. Fuller, as indicated, instead of following the instructions of the McLean Bank, by crediting O. C. Fuller's account with the same and letting it go through his checking account, now seeks to defend this conduct by saying that H. J. Fuller was the man by whom the telegram was sent to the McLean Bank, and that he was the Fuller to whom the McLean Bank intended that it should be paid. This proposition is untenable. O. C. Fuller carried an account with the City National Bank, and that bank had his signature. When the City National Bank was requested to credit the account of O. C. Fuller with the money, they owed the McLean Bank the duty of so crediting such account as directed. If, instead of doing this, they paid out the money, they certainly owed the McLean Bank the duty of paying the money to the right person. Not verifying the receipt given by H. J. Fuller with the signature of O. C. Fuller in their bank, by their payment of the money under the conditions, the City National Bank was guilty of gross negligence. The "finding of fact" by the trial court that there was no negligence on the part of the City National Bank in this transaction is without support of, and not warranted by, the evidence.

Article 6001—23, V. T. C. S. 1922 (Negotiable Instruments Act), provides:

"When a signature is forged or made without the authority of the person whose signature it purports to be, it is wholly inoperative, and no right to retain the instrument, or to give a discharge therefor, or to enforce payment thereof against any party thereto, can be acquired through or under such signature, unless the party, against whom it is sought to enforce such right, is precluded from setting up the forgery or want of authority."

The McLean Bank was guilty of no conduct which precludes it from setting up the forgery by H. J. Fuller of O. C. Fuller's

name, neither was it precluded from setting up the want of authority in the City National Bank to pay the money or credit the account of any one but O. C. Fuller. First National Bank v. Farmers' & Merchants' State Bank of Ballinger (Tex. Civ. App) 146 S. W. 1034; Texas State Bank v. First State Bank (Tex. Civ. App.) 168 S. W. 507, 508.

In the case of Glasscock v. First National Bank, 266 S. W. 393–395, opinion by Justice Greenwood, our Supreme Court says:

"The test as to whether a given act may be deemed the proximate cause of an injury is simply whether in the light of all attending circumstances the injury was such as ought reasonably to have been anticipated as a consequence of the act."

This being the test, it would be absurd to hold that, because the McLean Bank wired to the City National Bank to credit O. C. Fuller's account with the money, this act opened wide the gates to fraud and forgery and permitted the City National Bank to pay the money to whom it pleased. We cannot indorse such doctrine. See, also, Tolman v. American National Bank, 22 R. I. 462, 48 A. 480.

We therefore affirm the judgment of the trial court in favor of O. C. Fuller as against the Citizens' State Bank of McLean, Tex., and reverse the judgment of such court in favor of the City National Bank of Wichita Falls, Tex., and here render judgment in favor of appellant as against the City National Bank, for such sums as appellee Fuller has recovered of appellant in the lower court.